THE UNITED STATES DISTRICT COURTS
FOR THE MIDDLE DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **HARRIET BELT,** | ) |
| | ) |
| On Behalf of Herself and | ) |
| All Others Similarly Situated, | ) Case No.: |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| **PETERSEN HEALTH CARE, a** | ) |
| **Domestic Corporation, and** | ) |
| | ) |
| **PETERSEN HEALTH CARE –** | ) |
| **FARMER CITY, LLC** | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FLSA COLLECTIVE AND RULE 23 CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Harriet Belt, on behalf of herself and all others similarly situated, ("Plaintiff") brings this action against Defendant Petersen Health Care, a Domestic Corporation, ("PHC") and Defendant Petersen Health Care – Farmer City, LLC ("PHC-FC") (collectively "Petersen" or "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and Illinois wage laws, 820 ILCS 105, *et seq*. ("Illinois Minimum Wage Law" or "IMWL").

**NATURE OF THE ACTION**

1.  Plaintiff alleges on behalf of herself and all other similarly situated employees of Defendants who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action Members"), that they are (i) entitled to unpaid wages including overtime

1

premiums for all hours worked exceeding forty (40) in a workweek, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, specifically 29 U.S.C. §§ 207, 216(b).

2. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated non-exempt, hourly employees employed by Defendants within the state of Illinois (the "Illinois Class"), that they are entitled to unpaid straight time, overtime premium pay, and penalties as required by Illinois wage laws, 820 ILCS 105, *et seq*.

**JURISDICTION AND VENUE**

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since it is part of the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

6. The United States District Court for the Central District of Illinois has personal jurisdiction because Defendants conduct business within this District. And, the Springfield Division is an appropriate forum because Plaintiff worked at Defendants' Farmer City facility in DeWitt County, where a substantial part of the events giving rise to Plaintiff's claim occurred.

7. At all relevant times, Defendants have each been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

8. At all relevant times, Defendants have each employed "employee[s]," including Plaintiff Harriet Belt, and those persons similarly situated as described herein.

9. At all relevant times, Plaintiff and the other members of the putative classes were engaged in commerce and/or worked for Defendants in an enterprise engaged in commerce. At all relevant times, Defendant was a health care employer as defined by the FLSA and/or had gross annual operating revenue in excess of $500,000.00 (Five Hundred Thousand Dollars).

**PARTIES**

10. Defendant Petersen Health Care, a Domestic Corporation ("PHC"), is an Illinois corporation with its principle place of business located at 830 W. Trailcreek Dr., Peoria, Illinois 61614.

11. "Petersen Health Care is the largest nursing home chain in Illinois" and "In early 2002, Mark B. Petersen became the sole owner of Petersen Health Care. Mark has kept the corporate headquarters in Peoria, Illinois(.)" http://www.petersenhealthcare.net/about/

12. "Petersen Health Care employs nearly 6,000 employees and is recognized as a major community partner in communities throughout Illinois, Missouri, and Indiana." http://www.petersenhealthcare.net/about/

13. Defendant Petersen Health Care – Farmer City, LLC ("PHC-FC"), is an Illinois Limited Liability Company with its headquarters located together with Defendant PHC at 830 W. Trailcreek Dr., Peoria, Illinois 61614.

14. Together with PHC, Defendant PHC-FC operates "Farmer City Rehab & Health Care," a PHC long-term care facility located at 404 Brookview Drive, Farmer City, DeWitt County, Illinois 61842. http://www.petersenhealthcare.net/farmer-city/

15. As of the filing of this Complaint, "Petersen Health Care owns and operates [more than ninety (90)] Nursing Facilities, Assisted Living Facilities, Independent Living Centers, Supportive Living Facilities and Developmentally Disabled Homes." http://www.petersenhealthcare.net/facilities/

16. Plaintiff Harriet Belt was, at all relevant times, an individual residing in Bloomington, McLean County, Illinois.

17. At all relevant times, Plaintiff Belt was employed by PHC and PHC-FC in Farmer City, DeWitt County, Illinois, as a Licensed Practical Nurse ("LPN"), an hourly position. Plaintiff Belt's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as an exhibit.

18. Defendant PHC and Defendant PHC-FC jointly employed Plaintiff Belt.

19. Specifically, Defendant PHC-FC hired Defendant Belt, set her work schedule, trained her, directed her day-to-day tasks, and enforced the system-wide payroll and workplace policies set forth by Defendant PHC.

20. For its part, Defendant PHC acted as Plaintiff Belt's employer by administering PHC-FC's (and all its facilities') centralized payroll, timekeeping, and human resource functions, drafting and imposing the workplace rules set forth in its company-wide Employee Handbook, hiring each facilities' administrative and management personnel and training them to consistently carry out and enforce PHC's workplace rules, and sending its regional administrators to oversee and direct operations at each facility. PHC, through its regional personnel, controls the terms and conditions of employment for every hourly employee—including Plaintiff Belt—at each of its long-term care facilities and retains the authority to hire and fire and/or direct hiring and firing decisions at each facility.

## COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff Belt brings Count I, the FLSA off-the-clock claim, as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following persons:

All hourly, non-exempt employees who worked in Petersen Health Care facilities and experienced unpaid meal breaks at any time during the last three years. ("Meal Break Collective Action Members").

22.     Plaintiff, on behalf of herself and all other similarly situated hourly, non-exempt employees, seeks relief on a collective basis challenging Defendants' practice of failing to accurately record work time and pay their employees for all hours worked during unpaid meal breaks, including overtime premiums.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

23.     Plaintiff is similarly situated to all non-exempt employees at Defendants' facilities who experienced unpaid meal breaks because, upon information and belief, (i) all are subject to the same payroll and meal break policies and procedures, which require but fail to pay for all hours worked, including work during unpaid meal breaks, and (ii) all utilize the same timekeeping system, which fails to record all time worked.

24.     Defendants' company-wide written policy requires Plaintiff and all similarly situated non-exempt employees who work a shift of 7 ½ or more hours to clock out for a 30-minute unpaid meal break, whether or not an uninterrupted meal break is actually received.

25. Even when Plaintiff and similarly situated non-exempt employees stayed on the clock to report they did not receive a meal break, Defendants still deducted 30 minutes of time from their pay.

26. Defendants' policy requiring hourly, non-exempt employees to clock out for a 30-minute meal break or automatically deducting a 30-minute meal break, whether or not a meal break was taken, results in the unlawful failure to pay for all hours worked during unpaid meal breaks, including overtime hours.

27. Plaintiff will fairly and adequately protect the interests of the Meal Break Collective Action Members, and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

28. Plaintiff brings Count II, the IMWL claim, as a Rule 23 class action on behalf of herself and the following persons:

> All hourly, non-exempt employees who worked in Petersen Health Care facilities within the State of Illinois and experienced unpaid meal breaks at any time during the last three years. ("IMWL Class Members").

29. Plaintiffs' Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

30. Plaintiffs' Rule 23 state law claims satisfy the numerosity requirement of a class action. The IMWL Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon

information and belief, there are several hundred Class members employed at over 60 Illinois facilities.

31.     Questions of law and fact common to the IMWL Class Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all IMWL Class Members. Among the questions of law and fact common to Plaintiff and the IMWL Class Members are:

- a. whether Defendants employed the IMWL Class Members within the meaning of state common law and wage laws;
- b. whether Defendants' pay practices included requiring the IMWL Class Members to clock out for a 30-minute meal break, or automatically deducting 30-minutes for a meal break, whether or not a bona fide meal break was received;
- c. whether Defendants unlawfully failed to accurately record and pay for all hours worked, including work during unpaid meal breaks, by the IMWL Class Members;
- d. whether Defendants failed to pay the IMWL Class Members straight time and overtime premiums for all hours worked in excess of forty (40) hours per workweek; and
- e. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory and statutory damages, interests, costs, and attorneys' fees.

32.     Plaintiff's claims under Illinois state law are typical of those of the class in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful pay practices as Plaintiff.

33.     The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

34.     A class action is appropriate for the fair and efficient adjudication of this controversy.  Defendants acted or refused to act on grounds generally applicable to the entire class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of the class members to protect their interests.  The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

35.     Plaintiff will fairly and adequately represent the interests of the IMWL Class Members, and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this class and collective action.

36.     Plaintiff anticipates amending this Complaint to include and assert Rule 23 class claims on behalf of current and former employees of Defendant PHC in states besides Illinois who opt into this case following Conditional Collective Action certification and notice.

**STATEMENT OF FACTS**

37. Defendant PHC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

38. Defendant PHC-FC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

39. Plaintiff Belt was hired by Defendants, as a Licensed Practical Nurse at their Farmer City Rehab & Health Care facility in Farmer City, Illinois, beginning in approximately April 2014. She continued to work for Defendants until her employment ended in approximately August 2014.

40. Plaintiff Belt was employed as a non-exempt, hourly employee at a rate of approximately $21.00 per hour. And, while Plaintiff's job duties routinely required her to work in excess of forty (40) hours per workweek, she was often denied overtime premiums and/or not paid for the entirety of the overtime she worked per week.

41. As hourly, non-exempt employees, Plaintiff and the other similarly situated hourly, non-exempt employees are or were entitled to overtime premiums for hours worked in excess of forty (40) each week. *See* 29 U.S.C. § 213.

42. Plaintiff and all similarly situated hourly, non-exempt employees clocked in and out of the timekeeping system put in place by Defendants before and after the end of their shifts.

43. Plaintiff and other similarly situated hourly, non-exempt employees were required to work off the clock. This work occurred during unpaid meal breaks.

44. The unpaid work time that Defendants required Plaintiff and other similarly situated hourly, non-exempt employees to work off the clock would have put Plaintiff and other similarly situated employees at a total number of hours exceeding forty (40) in a workweek.

45. Defendants' policy and practice requiring Plaintiff and other similarly situated hourly, non-exempt employees to work off the clock during unpaid meal breaks, denied them straight time and overtime pay.

46. Defendants' policy and practice is to willfully deny its hourly, non-exempt employees overtime pay for all hours worked including hours worked beyond forty (40) in a workweek.

47. Even though Defendants had a computerized timekeeping system in place and could have easily recorded Plaintiff's and other similarly situated hourly, non-exempt employees' actual hours worked, Defendants did not allow Plaintiff and other similarly situated employees to be clocked in during all time spent working. And, even when work during unpaid meal breaks was performed, those hours were not reflected on employees' paystubs and were unpaid.

48. During the relevant time period, Defendants' policies and practices included requiring hourly, non-exempt employees working shifts of 7 ½ or more hours to clock out for an unpaid, 30-minute meal break, or one would automatically be deducted through the time keeping system, whether or not an uninterrupted meal break was actually taken.

49. When Plaintiff did not clock out for a 30-minute meal break as required by Defendants' policy, because her work duties prohibited her from taking a meal break, Defendants automatically deducted 30 minutes from her pay anyway.

50. The continuous nature of the long-term care environment, coupled with inadequate staffing in Defendants' facilities, caused Plaintiff and similarly situated hourly employees to entirely miss or suffer interruptions to their meal breaks, such that those meal breaks are compensable work time.

51. Plaintiff accurately reported her work time through Defendants' time keeping system when she remained clocked in for her entire shift, but Defendants' unlawful pay practices caused a 30-minute meal break deduction regardless of the work accurately reported in the time keeping system.

52. Defendants' meal break policy and practice unlawfully failed to compensate Plaintiff and similarly situated hourly employees for work during unpaid meal breaks.

53. On information and belief, Defendant PHC applied and instituted the above-described willful and illegal policy and practice regarding not paying for all hours worked during unpaid meal breaks at all PHC facilities.

54. On information and belief, Defendants have previously received reports of this unpaid meal break work, yet they have willfully failed to remediate their unlawful practices and repay unpaid overtime wages and penalties.

55. Defendants and their managers are aware of this work performed during unpaid meal breaks, yet Defendants continue to require Plaintiff and similarly situated hourly employees to clock out for meal breaks or automatically deduct a 30-minute meal break, regardless of whether work is performed during the break or no meal break is received at all.

56. The net effect of Defendants' policies and practices is that Defendants fail to pay overtime premiums in order to save payroll costs and taxes. Defendants enjoyed ill-gained profits at the expense of Plaintiff and other similarly situated employees.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
**(Brought Against Defendant by Plaintiff Harriet Belt Individually and on Behalf of the Meal Break Collective Action Members)**

57. Plaintiff, on behalf of herself individually and all Meal Break Collective Action Members, reasserts the allegations set forth in the above paragraphs.

58. Defendants paid Plaintiff and the Meal Break Collective Action Members on an hourly basis, and they are and were all entitled to the overtime protections of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 201, *et seq.*

59. At all relevant times, Defendants have been, and continue to be, subject to the minimum wage and overtime provisions of the FLSA because their employees are engaged in commerce, they are a health care employer as defined by the FLSA, and/or Defendant has annual revenues in excess of $500,000 (five hundred thousand dollars).

60. Plaintiff and other similarly situated hourly, non-exempt employees routinely performed work in excess of forty (40) hours per workweek.

61. This work was performed at Defendants' direction and/or with Defendants' knowledge.

62. Defendants willfully violated the FLSA by failing to pay Plaintiff and the other Meal Break Collective Action Members all wages due including overtime premiums for hours accrued beyond forty (40) in a workweek.

63. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions complied with the FLSA.

64. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendants have unlawfully withheld wages from Plaintiff and the Meal Break Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the Meal Break Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendants, and pray this Court:

a. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated current and former hourly, non-exempt employees of Defendants who experienced an unpaid meal break during the last three years informing them of their right to file consents to join the FLSA portion of this action;

b. Designate Plaintiff Harriet Belt as the Representative Plaintiff of the Meal Break Collective Action and undersigned counsel as the attorneys representing the Meal Break Collective Action Members;

c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA including that Defendants are financially responsible for notifying the Collective Action Members of Defendants' alleged wage and hour violations; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

## COUNT II
### FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE IMWL
**(Brought Against Defendant by Plaintiff Harriet Belt Individually and on Behalf of the IMWL Class Members)**

65. Plaintiff, on behalf of herself and the IMWL Class Members, reasserts the allegations set forth in the above paragraphs.

66. At all material times hereto, Plaintiff and the IMWL Class Members were employed by Defendants, who are located within the State of Illinois, and have been entitled to the rights, protections, and benefits provided under the Illinois Minimum Wage Law, 820 ILCS 105, *et seq*.

67. Pursuant to 820 ILCS 105 *et seq.*, Plaintiff brings Count II individually and on behalf of the IMWL Class Members for Defendants' unlawful withholding of overtime wages in violation of Illinois wage laws, 820 ILCS 105/4a, *et seq*.

68. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

69. Defendants are subject to the pay requirements of 820 ILCS 105 *et seq.* (the "IMWL") because Defendants are employers in the state of Illinois under IMWL 105/3(c), and Plaintiff and the IMWL Class Members are employees under IMWL 105/3(d).

70. Pursuant to IMWL 105/4(a), Defendants are required to pay Plaintiff and the IMWL Class Members "at a rate not less than 1 ½ times the regular rate at which he is employed" for all hours worked in excess of 40 hours in a workweek.

71. By failing to accurately record, maintain records of, and pay for Plaintiff's and the IMWL Class Members' actual hours worked during unpaid meal breaks, Defendants willfully reduced the total number of hours on Plaintiff's and IMWL Class Members' paychecks. These unlawful policies and practices resulted in these Illinois employers' systematic, willful withholding of wages, including overtime wages, in violation of IMWL 105/4(a).

72. Defendants were obligated by the IMWL to pay overtime premiums for all hours worked in excess of 40 in a workweek, but Defendants unlawfully withheld these wages, thereby violating the IMWL.

73. Defendants are liable to Plaintiff and the IMWL Class Members pursuant to IMWL 105/12 for unpaid overtime compensation, together with costs and reasonable attorneys' fees, plus damages of 2% of the amount of any such underpayments for each month during which such underpayments remained unpaid.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a.    Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b.    Designate Plaintiff Harriet Belt as the Class Representative of the IMWL Class Members and undersigned counsel as the attorneys representing the IMWL Class Members;

    c.    Award Plaintiff and all similarly situated employees compensatory damages and 2% of the amount of the underpayment for each month during which the underpayment remains unpaid, pursuant to 820 ILCS 105/12;

    d.    Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law

    e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs; and

    f.    Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury trial on all claims with respect to which she may have the right to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court of the Central District of Illinois, Springfield Division as the place of trial.

DATED:  August 21, 2015

                                      Respectfully Submitted,

                                      */s/ Tracey F. George*
                                      Tracey F. George, MO# 52361 (*Lead Attorney*)
                                      **DAVIS GEORGE MOOK LLC**
                                      1600 Genessee, Suite 328
                                      Kansas City, Missouri 64102
                                      Tel: (816) 569-2629
                                      Fax: (816) 447-3939
                                      tracey@dgmlawyers.com

                                      */s/ Rowdy B. Meeks*
                                      Rowdy B. Meeks, KS# 16068
                                      **ROWDY MEEKS LEGAL GROUP LLC**
                                      10601 Mission Rd., Suite 100
                                      Leawood, Kansas 66206
                                      Tel:    (913) 766-5585
                                      Fax:    (816) 875-5069
                                      Rowdy.Meeks@rmlegalgroup.com
                                      www.rmlegalgroup.com

                                    **ATTORNEYS FOR PLAINTIFF**